IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOMINIC JAMEL LANDRY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-25-1285-SLP |
| WARDEN CARTER, | ) ) ) |
| Respondent. | ) ) |

**REPORT AND RECOMMENDATION**

Dominic Jamel Landry, a federal prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Scott L. Palk has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial review, the undersigned recommends that the Court **DISMISS** the Petition.

**I.   SCREENING REQUIREMENT**

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Ct.[1]

---

[1] The district court may apply any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Ct.

## II. PETITION

Mr. Landry is currently in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute in El Reno, Oklahoma. (ECF Nos. 1:2, 4, 6, 7; 1-1). Petitioner challenges the execution of his sentence, arguing that BOP officials have failed to calculate his sentence properly by not applying "Willis Credits" to his federal sentence which he believes he is owed. (ECF Nos. 1:2, 4, 6, 7; 1-1). As relief, Mr. Landry requests that the Court "credit the Defendant/Petitioner his Presentence credit time of County Jail detention for [357] days towards his federal sentence pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)." (ECF No. 1-1:3).

## III. DISMISSAL OF PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under 28 U.S.C. § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Exhaustion requirements exist to give agencies, like the BOP, "an opportunity to correct [their] own mistakes ... before [they are] hauled into federal court." *Woodford v. Ngo,* 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Woodford*, 548 U.S. at 90. Applicable to this action are federal regulations which afford prisoners administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10–542.17; *U.S. v. Wilson,* 503 U.S. 329, 335 (1992).

Here, Petitioner admits that he has not exhausted any administrative remedies. *See* ECF No. 1:2. By means of explanation, Mr. Landry states:

> I am not challenging my conviction and I did not know the B.O.P. was not giving my pre-sentence jail credits until I was incarcerated into the B.O.P. system.

(ECF No. 1:2).

Mr. Landry apparently believes that he is not required to exhaust his administrative remedies because he is "not challenging [his] conviction," apparently believing that a challenge to how his sentence is carried out does not require exhaustion. Petitioner is wrong, as discussed above. *See supra*. Mr. Landry was required to exhaust his administrative remedies in his action filed under 28 U.S.C. § 2241 and he has admitted that he has not done so.

While it is true that exhaustion of administrative remedies is not required when it would be futile,[2] "[t]he futility exception … is quite narrow…. [and] [only] appl[ies] … when there has been an adverse decision disposing of the precise issue raised by the petitioner." *Bun v. Wiley*, 351 F. App'x 267, 268, 2009 WL 3437831, at *1 (10th Cir. 2009) (citing *Goodwin v. Oklahoma,* 923 F.2d 156, 157–58 (10th Cir. 1991)). Here, however, Mr. Landry has not alleged that the futility exception applies to his case. *See* ECF No. 1. Here, the facts and arguments underlying Petitioner's claim must be presented in the first instance by way of the administrative remedies available within the BOP. Because

---

[2] *Wilson v. Jones,* 430 F.3d 1113, 1118 (10th Cir. 2005).

Petitioner has failed to exhaust those administrative remedies, his Petition should be dismissed, without prejudice.

### IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Petition **(ECF No. 1)** be **DISMISSED**.

The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 11, 2025**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

### V.     STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on November 24, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE